UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-116-F

| | | |
|---|---|---|
| BO LIU, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL CHERTOFF, et al., | ) | |
| Defendants. | ) | |

Plaintiff Bo Liu ("Liu"), proceeding *pro se*, initiated this action on March 20, 2007, by filing a Complaint "For Writ in the Nature of Mandamus & Declaratory Judgement[sic]." Compl. [DE-1]. Liu seeks to have the court "compel action on the clearly delayed processing of an I-485 Application [to Register Permanent Residence or to Adjust Status]." Compl. ¶ 1 [DE-1]. After receiving two extensions of time, the Defendants, on July 25, 2007, collectively moved to dismiss Liu's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Mot. to Dismiss [DE-14]. On July 26, 2007, the Clerk of Court for the Eastern District of North Carolina sent a letter to Liu informing him of the Defendants' Motion to Dismiss and of the fact that he had until August 17, 2007, to file a Response in opposition to the Motion. Letter of the Clerk of Court [DE-16]. The letter has not been returned as undeliverable, and consequently this court must assume that Liu received it. A month has passed since the August 17, 2007, deadline, and Liu has yet to file a Response.

Accordingly, Defendants' unopposed Motion to Dismiss [DE-14] is ALLOWED, and this

action is DISMISSED without prejudice.[1] The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 17th day of September, 2007.

_James C. Fox_
James C. Fox
Senior United States District Judge

---

[1] Some of the arguments raised in the Defendants' Memorandum in Support of the Motion to Dismiss [DE-15] have been raised in other district courts, with mixed results. *Compare Safadi v. Howard*, 466 F. Supp.2d 696, 699-700 (E.D.Va. 2006)(agreeing with the defendants' argument and concluding that 8 U.S.C. § 1252(a)(2)(B) precludes a district court from exercising jurisdiction over a petition to compel action on a residency application) *with Han Cao v. Upchurch*, 496 F. Supp.2d 569, 573 (E.D.Pa. 2007)(rejecting argument that 8 U.S.C. § 1252(a)(2)(b) divests a court of subject matter jurisdiction to review a plaintiff's complaint that seeks an order to compel the defendants to act upon a permanent residency application). Because the Defendants' motion is unopposed, this Order allowing the Motion to Dismiss is not be cited for, or considered to be, precedent.